Per Curiam.

Petitioner bases his right to release on the alleged fact that he did not have the assistance of counsel at the time he entered his pleas of guilty in 1944.
*175 According to petitioner’s testimony, he was an illiterate youth of 19 when he entered his plea of guilty. He testified that Ms mother had retained counsel to represent him, but that such counsel withdrew after petitioner jumped his bond. Petitioner stated that he thereafter entered Ms plea of guilty without the assistance of counsel.
In rebuttal of petitioner’s contention, respondent introduced into evidence a copy of the trial judge’s docket. This docket indicates, as petitioner testified, that his counsel withdrew with the consent of the court. However, tMs record shows also that, on the same day petitioner’s counsel was permitted to withdraw, the court appointed counsel to represent petitioner, and that nearly a month elapsed between the time of the appointment and the time petitioner pleaded guilty.
Petitioner contends that he not only never saw such counsel but that he had never even heard of him. In the face of the written record where it is shown that counsel was appointed to represent petitioner on the same day his retained counsel withdrew, such testimony is unbelievable. Where, as here, there is a conflict in the evidence as shown by a written judicial record and the memory of the petitioner in relation to facts wMch occurred some 20 years ago, the record of the trial court must be considered more reliable than the memory of the petitioner.
Inasmuch as it is a matter of record that counsel was appointed to represent petitioner, petitioner’s argument is not well taken.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.